IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

STANDARD CONSTRUCTION CO., INC.,

   Plaintiff,

vs.

    No. 04-2831 DP

MARYLAND CASUALTY CO. and
NORTHERN INSURANCE COMPANY OF
NEW YORK,

   Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO FILE ANSWER AND MOTION TO FILE THIRD-PARTY COMPLAINT

Before the court is Defendants Maryland Casualty Company and Northern Insurance Company's Motion to File Answer and Motion to File Third-Party Complaint, filed on April 1, 2005 (dkt #20). For the following reasons, these motions are GRANTED.

Plaintiff Standard Construction Company filed this lawsuit asserting claims against Defendants for breach of duty to defend and indemnify Plaintiff and for violations of the Tennessee Consumer Protection Act. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The court denied that motion on March 1, 2005. One week later, Plaintiff filed an amended complaint. Subsequently, Plaintiff consented to

Defendants' request for an extension of time to file an answer, through April 1, 2005. Plaintiffs, however, apparently did not consent to Defendants' request to file a third-party complaint. Defendants filed this motion "out of an abundance of caution." Based on the Plaintiff's prior consent to an extension of time to file an answer, the court GRANTS the motion to file an answer.

With respect to the third-party complaint, Rule 14 states that a defendant,

> as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.

Fed. R. Civ. P. 14(a). Rule 14(a) was specifically amended in 1963 to eliminate the need of obtaining leave within ten days of filing the answer. 6 Charles Alan Wright et al., Federal Practice and Procedure § 1454 (2d ed. 1990).

Defendants filed both their answer and third-party complaint on April 1, alleging that Ronald S. Terry Construction Company may be liable to Defendants for part of the Plaintiff's claim. Therefore, Defendants need not obtain leave of court to file the third-party complaint.[1] See generally, Guarantee Co. of N. Am. v. Pinto, 208 F.R.D. 470, 473 (D. Mass. 2002); Fed. Deposit Ins. Corp.

---

[1] Nothing in this order precludes Plaintiff from filing appropriate motions based on Rule 14.

-2-

v. Hooper, 700 F.Supp. 915, 917 (M.D. Tenn. 1988). Accordingly, the motion to file a third-party complaint is GRANTED. Because Defendants have already filed their answer and third-party complaint with the Clerk of Court, there is no need to re-file these documents.[2]

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

4/20/05
_____
Date

---

[2] In addition, Local Rule 7.2(a)(2) requires that a response to a motion shall be filed within fifteen days after service of the motion, and that failure to respond timely to any motion may be deemed good grounds for granting the motion. Plaintiff has not filed a response, and the time for filing a response has passed. Thus, the motions are granted on this basis as well.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:04-CV-02831 was distributed by fax, mail, or direct printing on April 21, 2005 to the parties listed.

---

Stephen D. Crawley
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT